IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GREATER KANSAS CITY LABORERS ) | |
| PENSION FUND, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 4:22-cv-00349-DGK |
| v. ) | |
| ) | |
| A CLEAN SLATE, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON VARIOUS MOTIONS

This case arises from the alleged underpayment of fringe benefit contributions to union benefit funds under the Employer Retirement Income Security Act[1] ("ERISA"). Plaintiffs Greater Kansas City Laborers Pension Fund, Greater Kansas City Laborers Welfare Fund, Greater Kansas City Laborers Vacation Plan, and Greater Kansas City Laborers Training Fund (collectively "Funds") and Reginald L. Thomas, Donald E. Greenwell, III, and Caleb McCandless sued Defendant A Clean Slate, LLC ("ACS") alleging ACS owed unpaid fringe benefit contributions to the Funds. ACS provides final cleaning services including sweeping, mopping, and window cleaning for general contractors. Plaintiffs allege ACS performed work under the terms of two collective bargaining agreements ("CBA's") and is therefore required to pay fringe benefit contributions for the hours worked by its employees on covered projects.

Now before the Court are a variety of motions: (1) the parties' joint motion for extension of pretrial deadlines and trial setting, ECF No. 53: (2) Plaintiff's motion to amend the scheduling order, ECF No. 28; (3) ACS's motion for summary judgment, ECF No. 31; and (4) ACS's motion to strike, ECF No. 43.

---

[1] 29 U.S.C. §§ 1132 and 1145.

For the following reasons, the parties' joint motion for extension of pretrial deadlines and trial setting is GRANTED, Plaintiffs' motion to amend the scheduling order is DENIED, and ACS's motions for summary judgment and to strike are both DENIED AS MOOT.

The Court will amend the scheduling order via a separate order. But before doing so, the parties need to provide supplemental briefing on the expert witness issue explained below. The briefing schedule is as follows: (1) Plaintiffs shall file an opening brief on or before January 12, 2024; (2) ACS shall file a response within fourteen (14) days of Plaintiffs' brief; and (3) Plaintiffs may file a reply within fourteen (14) days of ACS's brief.

## Background

In August 2021, Plaintiffs requested an audit of ACS's payroll records to determine if ACS owed unpaid fringe benefit contributions to the Funds. ACS did not provide any records in response to Plaintiffs' audit request.

As a result, Plaintiffs filed their Complaint on May 26, 2022, alleging ACS underpaid fringe benefit contributions from January 1, 2019, through June 30, 2022, and requested an accounting of ACS's payroll records to determine the amount of underpayment. Because an audit was not performed before this suit was filed, much of discovery was dedicated to determining if—and how much—ACS underpaid the Funds.

The parties do not dispute ACS has made fringe benefit contributions to the Funds during the audit period. But ACS maintains it has not underpaid any contributions.

On August 30, 2022, Plaintiffs requested ACS produce payroll and other financial records to perform an audit. Plaintiffs subsequently identified Abby Heyen as the assigned auditor. On May 5, 2023, more than eight months after Plaintiffs' request for production, ACS produced its

final batch of payroll records. Plaintiffs then produced an audit report alleging ACS underpaid $218,412.39 in fringe benefit contributions during the audit period. The audit report was signed by auditor Alice Stomboly and provided to ACS before discovery closed. Plaintiffs did not designate an expert witness on the audit results, and ACS did not depose Abby Heyen or Alice Stomboly about the audit report.

After mediation was unsuccessful, ACS moved for summary judgment on July 21, 2023, arguing, in part, Plaintiffs cannot produce sufficient evidence showing ACS underpaid fringe benefit contributions because Plaintiffs did not designate an expert witness. Five days later, on July 26, 2023, Plaintiffs supplemented their Rule 26(a) disclosures to include a summary of the audit report but did not identify any additional individuals likely to have discoverable information.

On August 6, 2023, a week after supplementing their Rule 26(a) disclosures, Plaintiffs filed a motion to amend the scheduling order to allow them to take a deposition of Carol Taylor, ACS's president, to potentially file a cross-motion for summary judgment. Plaintiffs filed their motion to amend forty-four days after the close of discovery and sixteen days after the summary judgment deadline.

On August 25, 2023, Plaintiffs opposed ACS's motion for summary judgment, identifying the audit report as evidence of ACS's underpayment and submitting an affidavit from Amy Rote stating she performed the audit and reviewed ACS's payroll records. However, Plaintiffs never identified Amy Rote as a witness (lay or expert) or as an individual likely to have discoverable information. ACS filed a motion to strike Amy Rote's affidavit on the grounds she was an undisclosed witness, and in turn, to strike the audit report because Plaintiffs did not have a witness to introduce it. Plaintiffs oppose striking both Amy Rote's affidavit and the audit report.[2]

---

[2] Neither party has diligently pursued this case. For example, ACS took more than eight months to produce its payroll records, leaving Plaintiffs with limited time to review those records, perform an audit, and seek additional discovery

## Discussion

At the heart of the pending motions is the admissibility of Plaintiffs' audit report at trial. ACS argues the audit report is inadmissible evidence of underpayment because Plaintiffs failed to designate an expert witness to introduce it. Plaintiffs contend expert testimony is not required and therefore the audit report can be introduced through a lay witness.

At summary judgment, the standard for admissibility "is not whether the evidence at the summary judgment stage would be admissible at trial—it is whether it could be presented at trial in an admissible form." *Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 793 (8th Cir. 2012) (citing Fed. R. Civ. P. 56(c)(2)). Under this standard, the primary question is whether Plaintiffs' audit report may be introduced by a lay witness or whether an expert witness is required.

Neither party cites, and the Court could not identify, controlling caselaw requiring an expert witness in an action for delinquent contributions under § 1145. Persuasive authority, however, suggests the Court has discretion to determine whether Plaintiffs' audit report may be introduced by either a lay or expert witness.

Lay testimony, for example, may be permissible where the lay witness describes how they applied the contribution calculations in the CBA to the covered hours worked by the employer's employees. *See Enos v. Union Stone, Inc.*, 732 F.3d 45, 49 (1st Cir. 2013) (allowing lay testimony because "resolution of the case required nothing more complicated than reviewing Union Stone payroll records, identifying who the workers were, and applying the mathematical formula that is set forth in the CBA" (cleaned up)). Or lay testimony may be permissible when the witness provides a detailed record of the audit process. *See United Ass'n Loc. 198 Pension Fund v. Stevens*

---

based on the audit results. And Plaintiffs identified Amy Rote as the individual who performed the audit more than two months after the close of discovery, and only in opposition to summary judgment, leaving ACS with no opportunity to conduct a deposition.

*Plumbing & Piping, LLC*, No. CV 19-403-SDD-SDJ, 2020 WL 2838542 *8 (M.D. La. June 1, 2020); *Trustees of Chicago Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 902 (7th Cir. 2009).

Conversely, an expert witness may be required when an employer's records are incomplete or complex. *See, e.g.*, *Teamsters-Ohio Contractors Ass'n Health & Welfare Fund v. Tauro Bros. Trucking Co.*, No. 10 CV 703, 2013 WL 1303821, at *4 (N.D. Ohio Mar. 28, 2013) (noting that to calculate the underpayment, the Plaintiff's expert "first derived an hourly rate for the drivers . . . [then] divided Tauro Brothers' total, six year payroll amount by the imputed hourly rate to estimate hours worked over the period . . . [and then] multiplied the hours worked by the per-hour contribution rate for each year and compared that to the actual fringe benefit contributions paid.").

But the Court lacks sufficient information to determine whether Plaintiffs' audit report may be introduced by a lay witness or whether an expert witness is required. Neither party, for example, has discussed the accounting principles underlying the report. Thus, to develop the record more fully, the Court needs supplemental briefing on how the audit report was created.

Accordingly, the Court will allow Defendant to conduct a deposition of the person who created the audit report.[3] The deposition shall be conducted before January 5, 2024, and shall not exceed two hours. Further, the parties shall split the cost of the deposition. The parties shall then provide supplemental briefing as follows: (1) Plaintiffs shall file an opening brief on or before January 12, 2024; (2) ACS shall file a response within fourteen (14) days of Plaintiffs' brief; and (3) Plaintiffs may file a reply within fourteen (14) days of ACS's brief.

Specifically, the parties' briefs should: (1) identify the process used to create Plaintiffs'

---

[3] The parties can determine whether Abby Heyen, Alice Stomboly, or Amy Rote is the appropriate person.

audit report;[4] (2) discuss analogous § 1145 cases addressing these evidentiary questions; and (3) analyze the factors set forth in Federal Rules of Evidence 701 and 702 when making their respective arguments.

In addition, Plaintiffs shall provide the Court copies of all the audit worksheets currently absent from the record as exhibits to their opening brief. *See* ECF No. 38-1 at 1 (indicating that underlying data and audit worksheets are available).

**Conclusion**

The parties shall provide supplemental briefing as follows: (1) Plaintiffs shall file an opening brief on or before January 12, 2024; (2) ACS shall file a response within fourteen (14) days of Plaintiffs' brief; and (3) Plaintiffs may file a reply within fourteen (14) days of ACS's brief.

For the foregoing reasons, the parties' joint motion for extension of pretrial deadlines and trial setting is GRANTED; Plaintiffs' motion to amend the scheduling order is DENIED, ACS's motion for summary judgment is DENIED AS MOOT, and ACS's motion to strike is DENIED AS MOOT.

**IT IS SO ORDERED.**

Date:   December 8, 2023                    /s/ Greg Kays
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT

---

[4] Relevant questions include, but are not limited to, what payroll and financial information was reviewed by the auditors? What accounting principles or assumptions were applied to the data? What classification methods were used to identify the employees and hours worked under the applicable CBA's? And how were ACS's prior contributions accounted for? The answers to these questions—and others—will reveal the complexity of the audit process and the necessity, or lack thereof, of an expert witness.